IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-373-1H

UNITED STATES OF AMERICA       )
                                 )
                                 )
                                 )
     v.                          )         **ORDER**
                                 )
                                 )
                                 )
WILLIAM YATES,              )
    Defendant.          )

This matter, which is scheduled for trial commencing October 6, 2011, is presently before the court on the following motions:

      1. Government's motion in limine, filed September 30, 2011 [DE #49];

      2. Government's ex parte motion for in camera review of potential impeachment material, filed October 4, 2011 [DE #53]; and

      3. Defendant's <u>Brady</u> motion, filed October 4, 2011 [DE #56].

## I.   References to Punishment

The government first moves the court for an order instructing defense counsel and the witnesses to refrain from making direct or indirect reference to matters concerning punishment. The court GRANTS this portion of the government's motion in limine on the ground that evidence of the potential sentence faced by defendant is irrelevant and inadmissible.

## II. Administrative Duty Status of Arresting Officer

Next, the government moves to exclude any evidence or reference that its arresting officer is currently on administrative duty pending investigation into an unrelated incident which resulted in the death of a subject being arrested. As to this matter, the court will allow defense counsel to voir dire the officer outside the presence of the jury concerning the unrelated incident described in the government's motion and the officer's current administrative duty status. Absent some showing of relevance for impeachment purposes or otherwise, defense counsel will not be permitted to pursue these issues in the presence of the jury.

## III. SBI Investigation

The government's remaining motions relate to forensic examinations conducted by North Carolina's State Bureau of Investigation ("SBI"). The shotgun which the government contends defendant possessed was examined for latent fingerprints and swabbed for possible DNA but was not examined or tested for the presence of blood. No prints were found on the gun, and no discernable DNA profile was obtained from the sample collected from the firearm. Nonetheless, the SBI analyzed the DNA sample collected from defendant. This analysis resulted in a "mixed profile" due to error on the part of the

2

SBI Forensic Scientist. As a result of this error, an administrative inquiry was conducted by the SBI in which it was determined that the Forensic Scientist had used a "non approved procedure for cleaning utensils which resulted in the transfer of DNA from one item to the other."

The government contends that evidence of the "mixed profile" DNA result and the administrative inquiry into DNA analysis are irrelevant to the issues in this case. Consequently, the government seeks an order authorizing the government to withhold documents related to the administrative inquiry and excluding evidence of the "mixed profile" DNA result at defendant's trial. Defendant has not had the opportunity to respond to the government's ex parte motion for in camera inspection of the documents related to the administrative inquiry. Nevertheless, in his Brady motion (which is addressed supra), defendant points out that the government's evidence establishes defendant had blood on his hands and arm at the time of his arrest and argues that the gun would have had blood on it had defendant been in possession of the weapon.

The court ORDERS that the government's motion for in camera inspection be filed under seal, but that the government be ordered to disclose to defense counsel **by 5:00 p.m. today** all information and documents related to the SBI's administrative

3

inquiry. Prior to trial, defense counsel shall not disclose this information to anyone other than defendant and members of the defendant's legal team with a need to know. At trial, defense counsel will be permitted to conduct a limited examination of witnesses in order to ascertain any attempts by law enforcement officials to collect or analyze fingerprints and DNA samples, which proved to be unsuccessful. Defense counsel will further be permitted to elicit evidence regarding the lack of any examination or testing for blood in support of defendant's argument, if any, that there is no evidence to connect defendant to the firearm.

## IV. Brady Motion

Finally, defendant moves to dismiss the charge against him, arguing that he has been prejudiced by the government's late disclosure of exculpatory evidence. At issue here are Computer Assisted Dispatch records of the Fayetteville Fire and City Police, which were disclosed to defense counsel on October 4, 2011. In addition to containing information to support defendant's claim that he was bleeding at the time of his arrest, defendant maintains that the records contain "references to at least two additional and unidentified police officers involved in the investigation and arrest of the Defendant; the names of two additional and previously unmentioned witness[es];

4

two phone numbers of 911 callers who repeatedly gave specific information surrounding events leading to the Defendant's arrest; and descriptions of two vehicles, one with a license number, which were in the area and which prompted police inquiries." Defendant asserts that this recent disclosure provides "a completely new body of information" that would have been investigated had it been timely disclosed, but that "[t]he passing of these many months . . . has now made the investigative process near impossible."

Based on the evidence of record, the court finds that defendant has not shown that dismissal is required due to the government's recent disclosure. Accordingly, defendant's motion for relief is DENIED.

**Counsel shall appear in chambers at 8:15 on Thursday, October 6, 2011, to discuss this order and any other issues that may need to be addressed prior to trial.**

This 5th day of October 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

5